**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Kroto Inc., d/b/a iCanvas Art | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-cv-1218 |
| | ) | |
| Victor Chapa, a/k/a Victor Reyes, a/k/a Reyes and Miles Macgregor, a/k/a El Mac | ) ) | |
| | ) | |
| *Defendants*. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Kroto Inc. ("Kroto" or "Plaintiff") brings this action for declaratory judgment pursuant to 28 U.S.C. §2201 against Defendants Victor Chapa and Miles Macgregor ("Defendants").

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment under the laws of the United States, Title 28, United States Code. Kroto seeks a declaration of the rights and other legal relations between itself and Defendants.

**PARTIES**

2. Plaintiff Kroto is a corporation organized and existing under the laws of the state of Illinois, doing business as iCanvas and iCanvasArt.

3. Plaintiff sells affordable, high quality canvas prints at www.icanvas.com and through a limited number of third party retailers.

4. Plaintiff's business involves selling a combination of licensed works of third party artists, its own original works, and public domain works.

5. Plaintiff's employees produce and distribute these prints from Plaintiff's office and warehouse in Morton Grove, Illinois.

## JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. §2201 as well as the Copyright Act, 17 U.S.C. §§101-810, 1101.

7. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants because this cause of action arises out of copyright enforcement activities undertaken by Defendants through their agents and purposefully directed at this judicial district and state.

9. Upon information and belief, Defendants do business in Illinois, including in this judicial district, by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including in Illinois. These substantial and/or continuous and systematic contacts with Illinois satisfy due process and confer personal jurisdiction over the entities in Illinois. Examples of such placing of goods into the stream of commerce include prints sold via the internet.

10. For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, this Court has personal jurisdiction over all of the Defendants.

11. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. For these reasons, and for other reasons that will be presented to the Court if venue is challenged, venue is proper in this Court.

**Allegations Common to All Counts**

12. On January 4, an email was directed by "Jeff Gluck" to "sales@icanvas.com." That email address, "sales@icanvas.com" is, as it implies, the email address directed to Plaintiff's sales staff for sales. That email requested immediate cessation of sales of a particular work at an internet address given in the email ("the Unregistered Work"). Mr. Gluck claimed that his clients "Victor Chapa and Miles Macgregor" were the authors of the Unregistered Work.

13. Mr. Gluck indicated that Defendants believed that Plaintiff's sales "warrants immediate action and constitutes claims including but not limited to copyright infringement, trademark infringement, alteration and removal of copyright management information, unfair competition, violation of the right to publicity, unfair business practices, and negligence under U.S. and California law, and this conduct must immediately cease."

14. The email eventually reached Plaintiff's Director of Licensing, who confirmed via return email on January 25 that Plaintiff had immediately complied with all conditions set forth in the email to sales, informed Mr. Gluck that the image was obtained from a photograph, and noted that Plaintiff had no indication of any ownership interest by Defendants. Plaintiff did not require any proof of ownership of the Unregistered Work. Plaintiff has also directed its third-party retailers to remove the Unregistered Work from Plaintiff's sales channels with the retailers.

15. In subsequent conversations and correspondence with Plaintiff's attorney, Mr. Gluck has confirmed that the Unregistered Work is not subject to a copyright registration with the U.S. Copyright Office. Nevertheless, Mr. Gluck has continued to seek "damages" that far exceed any amount recoverable for infringement of an unregistered piece.

16. While Plaintiff removed the Unregistered Work from sales channels in the interim, Plaintiff's attorney also inquired with Mr. Gluck as to evidence of authorship of the Unregistered

- 3 -

Work. Mr. Gluck said newspaper articles regarding the Unregistered Work being authored by Defendants and photographs of Defendants painting the Unregistered Work existed, but none of this material was actually provided, and Plaintiff has been unsuccessful in locating any of this information independently.

17. Mr. Gluck has, to date, provided only two non-contemporaneous links from third-party websites attributing similar-appearing images of the Unregistered Work to "El Mac" and "Reyes," which he states are pseudonyms of Defendants. Defendants have failed to provide any assurances that they are the original authors of the Unregistered Work, either to Plaintiff or by way of a registration with the Copyright Office.

18. Other third-party websites attribute the Unregistered Work to other artists.

19. For example, listings on eBay show the unregistered work and attribute authorship to a graffiti artist "Pepe," an independent artist in Australia creating Banksy inspired pieces. http://r.ebay.com/vN5ZKO (Exhibit A), http://r.ebay.com/PqRYcd (Exhibit B), http://r.ebay.com/wSKPwe (Exhibit C).

20. Defendants have continued to harass Plaintiff's with frivolous demands bearing no relation to recoverable damages, arbitrarily setting and resetting deadlines for response. For example, on February 6, 2017, Mr. Gluck wrote and demanded for damages thousands of times granter than any recoverable sum, even if the Defendants' claims of ownership are shown to be legitimate, and indicated that "I need to go ahead and file." Yet no filing came.

21. Plaintiff expects this harassing behavior to continue and thus have brought this suit for declaratory judgment.

## COUNT I: Declaratory Judgment of Misuse

22. Paragraphs 1-21 are hereby restated as if set forth fully herein.

- 5 -

23. Plaintiff is entitled to a declaration that Defendants have misused their purported copyrights through at least their abuse of their purported copyright to obtain protection that the Copyright Act clearly does not confer.

24. Specifically, Defendants have misused their purported copyright by alleging frivolous claims including but not limited to "alteration and removal of copyright management information."

### COUNT II: Declaratory Judgment Regarding Ownership

25. Paragraphs 1-24 are hereby restated as if set forth fully herein.

26. Plaintiff is entitled to a declaration that Defendants have failed to prove their ownership in the Unregistered Work

### COUNT III: Declaratory Regarding Damages

27. Paragraphs 1-26 are hereby restated as if set forth fully herein.

28. Plaintiff is entitled to a declaration that Defendants may recover no more than the permitted recovery under the Copyright Act for any infringement proven of what is alleged to be their Unregistered Work.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

A. A judgment that the Defendants have misused any purported copyright interest in the Unregistered Work.

B. A judgment that Defendants may recover no more than the permitted recovery under the Copyright Act for any infringement proven of what is alleged to be their Unregistered Work.

C. A judgment that Defendants have failed to prove their ownership in the Unregistered Work.

D.     An award under 17 U.S.C. §505 of full costs and reasonable attorney's fees to Plaintiff and against Defendants jointly and severally for this action.

LATHROP & GAGE LLP

February 15, 2017                    */s/ Timothy K. Sendek*
                                     _____
                                     Trent Cornell
                                     Timothy K. Sendek
                                     Sara M. Skulman
                                     155 N. Wacker Drive
                                     Suite 3050
                                     Chicago, Illinois 60606
                                     (312) 920-3300
                                     tcornell@lathropgage.com
                                     tsendek@lathropgage.com
                                     mskulman@lathropgage.com

                                     *Attorneys for Plaintiff Kroto Inc.*