IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KROTO INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17 C 1218 |
| | ) |
| VICTOR CHAPA, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss for lack of personal jurisdiction and motion for sanctions. For the following reasons stated below, Defendants' motion to dismiss is granted and motion for sanctions is denied.

## BACKGROUND

Plaintiff Kroto Inc., d/b/a iCanvas Art (Kroto) alleges that its business involves selling a combination of licensed works of third party artists, its own original works, and public domain works. Kroto also alleges that on January 4, 2017, legal counsel for Defendants emailed Kroto complaining of brazen copyright infringement and also requesting immediate cessation of sales of "Unregistered Work." On February 15, 2017, Kroto filed its complaint for declaratory judgment in

1

this cause of action. Defendants move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(2) (Rule 12(b)(2)) and Federal Rule of Civil Procedure Rule 11 (Rule 11).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party can move to dismiss claims for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). When the court adjudicates a motion to dismiss brought pursuant to Rule 12(b)(2) based on written materials submitted to the court, "the plaintiff need only make out a prima facie case of personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In determining whether the plaintiff has met his burden, the "court accepts all well-pleaded allegations in the complaint as true." *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002). In addition, "the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found.*, 338 F.3d at 782; *see also Leong v. SAP America, Inc.*, 901 F.Supp. 2d 1058, 1061-62 (N.D. Ill. 2012)(explaining that "when the defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction").

**DISCUSSION**

I. Personal Jurisdiction

Defendants contend that their contact with the forum does not qualify as sufficient minimum contacts to establish personal jurisdiction in the Northern District of Illinois. Under federal law, "[t]he federal constitutional limits of a court's personal jurisdiction in a diversity case are found in the Fourteenth Amendment's due-process clause." *Northern Grain Marketing v. Greving, LLC,* 743 F.3d 487, 492 (7th Cir. 2010). The Fourteenth Amendment's due process clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Due process requires that the defendant "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). Also, "[t]he nature of the defendant's contacts with the forum state determines the propriety of personal jurisdiction and also its scope." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). If the defendant has "'continuous and systematic' contacts with a state, the defendant is subject to general jurisdiction there in any action, even if the action is unrelated to those contacts." *Id.* Conversely, to "support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Northern Grain Marketing,* 743 F.3d at 492.

In the instant action, Kroto alleges that on several occasions, Defendants' attorney corresponded with Kroto and Kroto's counsel regarding the cease of sales and distribution of the Defendants' art work. Kroto alleges that it directed its third-party retailers to remove the art work from Kroto's sales channels with the retailers. Kroto alleges that the Defendants engaged in copyright enforcement activity in Illinois, and that it "expects this harassing behavior to continue and thus. . . brought this suit for declaratory judgment." (Compl. P. 4). In essence, Kroto claims that the enforcement activity and cease and desist letters establish a basis for personal jurisdiction. Under federal law, "[t]he sending of infringement letters has been uniformly held insufficient by itself to satisfy the minimum contacts requirement." *Classic Golf Co. v. Karsten Manufacturing Co., et al.*, 1986 WL 8953, at *1 (N.D. Ill. 1986). Also, Kroto is the only link between the Defendants and the forum state, which does not establish a basis for personal jurisdiction. *See Walden v. Fiore,* 134 S. Ct. 1115, 1122 (2014)(stating that "the plaintiff cannot be the only link between the defendant and the forum"). More specifically, several courts in the Northern District of Illinois have held that the "mailing of the letters claiming infringement are below the threshold established by the due process clause." *Id.* In this action, Defendants sent cease and desist letters and engaged in copyright enforcement activity to protect their rights under the law. Defendants only contact with the forum was through Kroto. Kroto's allegations fail to meet its prima facie burden demonstrating the existence of personal jurisdiction. In addition, subjecting Defendants to litigation in this forum, under these circumstances, would offend

traditional notions of fair play and substantial justice and would be inconsistent with the 14th Amendment Due Process Clause.  Therefore, Defendants' motion to dismiss is granted.

II. Sanctions

Defendants contend that the Kroto should be sanctioned for filing this lawsuit because Kroto's suit is based on legal propositions that Kroto knows, or should know, are wrong.  The Seventh Circuit has explained that parties and/or attorneys may be subject to Federal Rule of Civil Procedure 11 (Rule 11) sanctions "when parties or their attorneys bring legal action for any improper purpose, such as to harass or needlessly increase the cost of litigation." *National Wrecking Co. v. International Broth. of Teamsters, Local 731,* 990 F.2d 957, 963 (7th Cir. 1993).  A court can impose Rule 11 sanctions "if a lawsuit is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Cuna Mut. Ins. Soc. v. Office and Professional Employees Intern. Union, Local 39*, 443 F.3d 556, 560–61 (7th Cir. 2006).  In making its Rule 11 inquiry, the court "must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id.*  The Seventh Circuit has recognized that "[w]hile the Rule 11 sanction serves an important purpose, it is a tool that must be used with utmost care and caution."  *Federal Deposit Ins. Corp. v. Tekfen Const. and Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir. 1988).  While Kroto could have discovered through

adequate investigation of the facts that it could not establish personal jurisdiction, there is insufficient evidence presented to warrant the severe penalty of sanctions. Therefore, Defendants' motion for sanctions is denied.

## **CONCLUSION**

Based on the foregoing analysis, Defendants' motion to dismiss is granted and motion for sanctions is denied. Instant action is dismissed.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 22, 2017